FILED
MAR 2 4 2017
3-24-2017
JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 16 CR 462 -14 |
| ) | Judge Rebecca R. Pallmeyer |
| ANGEL VILLAGRANA ) | |
| ) | |
| Defendant. ) | |

## PLEA DECLARATION

Defendant, **Angel Villagrana**, after extensive consultation with his attorneys, **the Law Office of Damon M. Cheronis**, acknowledges and states the following:

### Charges in This Case

1. Mr. Villagrana has been charged by indictment with one count of knowingly conspiring to violate 18 U.S.C. § 1962(c), in essence engaging in a "RICO" conspiracy, and one count of ~~attempted~~ murder in furtherance of that conspiracy in violation of 18 U.S.C. 1959(a)(5). [handwritten: Consp. to commit ac / AV]

2. Mr. Villagrana has read the charges against him contained in the indictment, and the charges have been fully explained to him by his attorney.

3. Mr. Villagrana fully understands the nature and elements of the crimes with which he has been charged.

4. Mr. Villagrana will enter a voluntary plea of guilty to Count 1 of the indictment, knowingly conspiring to violate 18 U.S.C. § 1962(c).

5. Mr. Villagrana will plead guilty because he is in fact guilty of the charge contained in Count 1 of the indictment.

## Factual Basis

6. In pleading guilty, Mr. Villagrana admits that beginning no later than 1999 continuing to in or about 2016, in the Northern District of Illinois, Eastern Division, Mr. Villagrana, along with other members of the enterprise, being employed by and associated with the Latin Kings, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly conspired to violate Title 18 United States Code, Section 1962(c); that is, to conduct and participate in the affairs of the enterprise through a pattern of racketeering activity. Mr. Villagrana admits that he agreed to commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Mr. Villagrana admits that he was a member of the Latin Kings for approximately ~~two~~ 3 [DC/JV] years, beginning sometime in the summer of ~~2013~~ 2012 [DC/JV] and ending sometime in 2015. During that period, Mr. Villagrana knowingly agreed and conspired with other members of the conspiracy to commit an act of extortion in furtherance of the conspiracy on more than one occasion; namely, Mr. Villagrana and other members of the conspiracy knowingly agreed to extort a "street tax" from non-enterprise affiliated individuals distributing controlled substances within the geographic borders of the enterprise.

Mr. Villagrana understands that the government will likely seek to adduce evidence at his sentencing hearing that alleges additional acts in furtherance of the charged conspiracy including alleged acts of violence.

## Potential Penalties

7. Mr. Villagrana understands that the charge to which he is pleading guilty carries the following statutory penalties:

A statutory maximum sentence of 20 years' imprisonment and a statutory maximum fine of $250,000. Mr. Villagrana also understands that the sentencing judge may additionally impose a term of supervised release lasting not more than three years. Additionally, in accordance with Title 18 United States Code, Section 3013, Mr. Villagrana will be assed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

8. Mr. Villagrana understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to effectuate the goals set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Villagrana understands that the applicable sentencing guidelines range is one factor that this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required § 3553(a) factors.

With respect to the advisory guidelines, Mr. Villagrana's attorney has explained to him that the Probation Department for the Northern District of Illinois will conduct an investigation into his case and will submit a report to this Court which details its guidelines calculations. Mr. Villagrana understands that his attorney, as well as the attorneys for the government, will have an opportunity to review the

guidelines calculation of the Probation Department and submit any objections or suggestions before the sentencing hearing.

## Trial Rights and Appellate Rights

9. Mr. Villagrana understands that by pleading guilty he surrenders certain rights, including the rights described in the following sub-paragraphs:

    a. Mr. Villagrana has the right to maintain his plea of not guilty and to hold the government to its burden to prove his guilt beyond a reasonable doubt. If he chose to maintain his plea of not guilty, Mr. Villagrana would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order for the trial to be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. In a jury trial, the defendant has the right to a jury composed of twelve laypersons selected at random. Defendant and his attorneys would participate in choosing the jurors, in that they could remove prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless—after hearing all the evidence and being properly instructed on the law—it was persuaded of the defendant's guilt beyond a reasonable doubt.

If the trial is held by the judge without a jury, the judge would find the facts and determine whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt, after hearing all of the evidence.

  c. If either a trial by a jury or by a judge, the defendant has the right to confront the witnesses against him. Thus, the government would be required to present its witnesses and other evidence against the defendant. Mr. Villagrana would be able to see and hear each and every government witness, and his attorneys would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. However, he would be under no obligation to do so because he is presumed to be innocent; therefore, he need not prove his innocence. If the witnesses for Mr. Villagrana would not appear voluntarily, he could require their attendance through the subpoena power of the court.

  d. At a trial, Mr. Villagrana would have a privilege against self-incrimination by which he could decline to testify and the jury would be instructed that it could draw no inference of guilt from his decision not to testify. If the defendant desired to do so, he could testify on his own behalf.

10. Mr. Villagrana understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Villagrana admits that he is guilty and agrees that he should be found guilty. Mr. Villagrana's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Villagrana further understands that he is waiving all appellate issues that might

have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

11. Mr. Villagrana recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding. Mr. Villagrana understands, however, that no one, including his attorney or this Court, can predict to a certainty the effect of his conviction on his immigration status. Mr. Villagrana nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

## Limitations and Consequences of this Plea Declaration

12. Mr. Villagrana understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation to the issue of sentencing.

Mr. Villagrana further understands that, through his attorneys and his own statements, he will be able to present his view of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in mitigation at the time of sentencing.

13. Mr. Villagrana understands that at the time of sentencing, his attorney will be free to make any sentencing recommendations he deems appropriate subject to any mandatory minimum sentencing provisions.

14. The above notwithstanding, should the Court refuse to accept Mr. Villagrana's plea of guilty, this Plea Declaration shall become null and void and he will not be bound to any admissions or concessions made herein. Further, it is Mr. Villagrana's position that should the Court decline to accept this plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rules 11(e)(6)(A), (C), and (D) of the Federal Rules of Criminal Procedure.

15. Mr. Villagrana agrees that this Plea Declaration shall be filed and become part of the record of the case.

16. Finally, Mr. Villagrana acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney. Mr. Villagrana further acknowledges that he understands and voluntarily accepts each and every provision of this Plea Declaration. Mr. Villagrana and his attorney acknowledge that no threats, promises, predictions, or representations have been made to induce him to plead guilty.

Signed this 24th day of March, 2017

_____
Angel Villagrana

By: _____
Damon M. Cheronis
Attorney for Defendant